IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| ZEUS CONCEPTS, LLC, | ) | Case No. 07 B 10880 |
| | ) | |
| Debtor. | ) | Hon. Susan Pierson Sonderby |

**FINAL ORDER AUTHORIZING USE OF CASH COLLATERAL
PURSUANT TO §363(c)(2) AND BANKRUPTCY RULE 4001(b) AND GRANTING
ADEQUATE PROTECTION**

This matter coming on to be heard on Debtor, Zeus Concepts, LLC's Motion For Use Of Cash Collateral, Pursuant To §363(c)(2) of the Bankruptcy Code and Bankruptcy Rule 4001(b) and To Grant Adequate Protection (the "Motion"), due and proper notice having been served, and this Court having jurisdiction over the parties and subject matter and being otherwise fully advised in the premises;

**THE DEBTOR AND THE INTERNAL REVENUE SERVICE STIPULATE AS FOLLOWS:**

1. On June 16, 2007, the Debtor filed a Voluntary Petition for relief under Chapter 11 of the United States Bankruptcy Code.

2. Pursuant to 11 U.S.C. §§1107 and 1108, the Debtor retained possession of its assets and is authorized thereby, as Debtor in Possession, to continue the operation and management of its business; and, no trustee has been appointed in this case.

3. The Debtor is engaged in the business of maintaining and servicing proprietary software for automobile dealers.

4. The Debtor has no consensual secured debt impacting upon the use of cash collateral.

5. The United States of America, Internal Revenue Services (the "IRS") claims that it has valid liens upon all property of the Debtor existing as of the date of the filing of the petition herein

including accounts receivable, inventory, and the cash proceeds thereof (the "Collateral").

6. Any proceeds of the Collateral including cash and cash equivalents constitute cash collateral within the meaning of 11 U.S.C. §363.

7. An immediate need exists for the Debtor to use cash collateral in order to continue the operation of its business.

8. The Debtor has agreed to grant the IRS a continuing post-petition replacement lien to the same extent and with the same priority as held pre petition in the Collateral, without any further action by the Debtor or the IRS and without executing or recording any financing statements, security agreements, or other documents.

9. The Debtor has agreed to make monthly adequate protection payments in the amount of One Thousand Eight Hundred Dollars and No Cents ($1,800.00) to the IRS commencing July 24, 2007, and the 24th of each month thereafter pending confirmation of the Debtor's plan of reorganization or conversion or dismissal of the case.

10. Notice of this Motion has been sent to all creditors and parties in interest, including the twenty (20) largest unsecured creditors in this Chapter 11 case, in accordance with Bankruptcy Rule 4001 and Rule 1007(d).

**IT IS THEREFORE ORDERED THAT:**

A. The Debtor's Motion For Use Of Cash Collateral, Pursuant To §363(c)(2) of the Bankruptcy Code and Bankruptcy Rule 4001(b) and To Grant Adequate Protection is granted.

B. The Internal Revenue Service is hereby granted and shall have a replacement lien on the Collateral and all accessions to, substitutions for and all replacements of the foregoing and/or any other property of the same kind now or hereafter in the possession of or under the control of the Debtor, or a bailee of the Debtor, and the proceeds thereof, including all property of the same type

and kind which has been acquired by the Debtor after the date of the filing of the petition for relief herein.

C. The liens and security interests granted herein to the IRS shall have the same validity, perfection, and enforceability as the pre petition liens held by the IRS without any further action by the Debtor or the IRS and without executing or recording any financing statements, security agreements, or other documents.

D. Subject to the terms and conditions of this Order, the Debtor may use cash and Cash Collateral.

E. The Debtor has agreed to make monthly adequate protection payments in the amount of One Thousand Eight Hundred Dollars and No Cents ($1,800.00) to the IRS commencing July 24, 2007, and the 24th of each month thereafter pending confirmation of the Debtor's plan of reorganization or conversion or dismissal of the case. Said adequate protection payments to be sent to the IRS as follows:

> IRS Counsel, SB/SE
> 200 West Adams
> Suite 2300
> Chicago, Illinois 60606

F. The provisions of this Order shall be binding upon and inure to the benefit of the IRS, the Debtor, the Debtor's estate and their respective successors and assigns.

G. If any or all of the provisions of this Order are hereafter modified, vacated or stayed by subsequent order of this Court, such modification or vacation shall not affect; (i) the validity of any obligation, debt, or claim or any priority security interest or lien that is or were granted pursuant to this Order or (ii) any payments received by the IRS or made by the Debtor pursuant to this Order, in each case arising prior to the effective date of such stay, reversal, modification or vacation and such matter shall be governed in all respects by the original provisions of this Order.

H. Without the necessity of any further action, the automatic stay is hereby vacated, for the limited purpose, to allow for the payments authorized herein and/or any other actions authorized hereby.

I. Notice and service of the Motion and the proposed Final Order has been proper and in accordance with applicable law.

_____
Hon. Susan Pierson Sonderby

JUL 1 8 2007

Dated: July 18, 2007

Gregory K. Stern, P.C.
Gregory K. Stern (Atty. ID #6183380)
Monica C. O'Brien (Atty. ID #6216626)
53 West Jackson Boulevard
Suite 1442
Chicago, Illinois 60604
(312) 427-1558

4